UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

In re: Timothy John McMahon and
  Jennifer Brandon McMahon, Debtors    No. 5:07-bk-74035
                               Ch. 7

## OPINION and ORDER

Before the Court is a Motion to Strike and Amend Petition and Schedules and for Relief From Automatic Stay or Abandonment filed by Legacy National Bank [Legacy] on January 16, 2008, and Debtors' Response to the Motion to Strike and Amend Petition and Schedules and for Relief From Automatic Stay or Abandonment filed on January 28, 2008. The Court held a hearing on February 12, 2008, at the conclusion of which it took the motion to strike and response under advisement.[1] For the reasons stated below, Legacy's motion to strike and amend the debtors' petition and schedules is denied.

This Court has jurisdiction over this matter under 28 U.S.C. § 1334 and 28 U.S.C. § 157. It is a core proceeding under 28 U.S.C. § 157(b)(2)(A). The following opinion constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052, made applicable to these proceedings under Federal Rule of Bankruptcy Procedure 9014.

The debtors filed their voluntary, chapter 7 petition on December 14, 2007. On the petition, under the section that requests the debtors to state "[a]ll other names used by the debtor in the last eight years (include married, maiden, and trade names)," separate debtor Timothy McMahon typed, "AKA Tim McMahon; DBA McMahon Brothers Custom Homes, Inc.; DBA Oak Leaf Homes; DBA McMahon Family, LLC; DBA Wagon Wheel Bend, LLC; DBA Wagon Wheel Bend Homeowners Assoc. Inc." Joint

---

[1] At the hearing, the debtor did not object to Legacy's motion for relief from stay. An order was entered granting Legacy relief from the stay on February 25, 2008.

debtor Jennifer McMahon listed no other names on the petition. Legacy moved for the Court to strike the various "doing business as" names [d/b/a's] from the petition.

At the hearing, Legacy's central argument was that the d/b/a's listed on the debtors' petition are not trade names but instead separate legal entities, and the bankruptcy code does not permit separate legal entities to be listed as trade names on the bankruptcy petition. Legacy contends that listing separate legal entities of the debtor on the petition is confusing to creditors or other parties in interest who deal with the separate entities (d/b/a's) because it cannot determine whether the listed entities are actually in bankruptcy. However, Legacy introduced no evidence that the debtor did not use the names of the entities listed as his trade names and cited no law that would prohibit the debtor from using the names of the separate entities as trade names. The Court knows of no reason why the debtor cannot use names of separate legal entities, which he owns, as trade names.

The question before the Court is relatively simple--whether the d/b/a's listed by Timothy McMahon [McMahon] are in fact his "trade names" and should be listed on the petition. "Trade name" is not defined in the bankruptcy code, so the Court must refer to the common definition and usage. *Perrin v. U.S.*, 444 U.S. 37, 42 (1979). Webster's Ninth Collegiate Dictionary defines "trade name" as "the name or style under which a concern does business," which is synonymous with d/b/a.[2] According to Federal Rule of Bankruptcy Procedure 1005, the debtor *must* list on the petition "all other names used within six years before filing the petition. If the petition is not filed by the debtor, it shall include all names used by the debtor which are known to petitioners." Listing the other names on the petition puts parties in interest on notice of the debtor's bankruptcy, even if

---

[2] A "concern" is not limited to only corporations; the voluntary petition specifically requires that individual debtors list their trade names. Therefore, the petition contemplates that natural persons could have trade names as well as corporations. Both the official individual debtor petition and the official corporate petition provide for the listing of "trade names." The implication is that trade names are not necessarily associated solely with corporate debtors.

they knew the debtor by a trade name.

In the present case, McMahon has signed his petition and schedules stating that he was also known as Tim McMahon *and* by five d/b/a's.  Federal Rule of Bankruptcy Rule 1008 states that "[a]ll petitions, lists, schedules, statements and amendments thereto shall be verified or contain an unsworn declaration as provided in 28 U.S.C. § 1746."  Therefore, McMahon is verifying that these listed names are in fact his d/b/a's, in other words, his trade names.  Additionally, the petition and schedules, which were admitted into evidence, provide the Court with unrebutted evidence that the listed names are McMahon's trade names.  If McMahon does use those d/b/a's as trade names, he is not merely permitted, but required under the rules and the voluntary petition, to list those trade names.

This does not mean that a debtor should list every entity in which the debtor may have a business interest.  Presumably, some debtors will list more than is required by the rules with the intent to educate, disclose, and give notice to everyone that the debtor is filing bankruptcy and the listed entities are the companies in which the debtor did business.  However, debtors should only list trade names--true d/b/a's--not entities in which the debtor merely has some interest, even if such interest is 100% owned by the debtor.  What the bankruptcy code calls for is the listing of actual trade names, not ownership interests.  There are several places in the petition and schedules to disclose facts relative to the debtor's corporate or other business ownerships and affiliations.  For instance, in this case the debtors listed the ownership interest of McMahon Brother [sic] Construction, Inc., in paragraph 18 of the statement of financial affairs.  That corporation was not listed as a d/b/a of McMahon on the debtors' bankruptcy petition.  This is some indication that the d/b/a's listed on the petition were actually used as McMahon's trade names, and that McMahon Brothers Construction, Inc., was not.

Therefore, because the petition requires McMahon to list his trade names and there was no evidence presented that the entities listed by McMahon were not used as his trade

names, the Court denies Legacy's motion to strike.

IT IS SO ORDERED.

March 17, 2008
DATE

BEN T. BARRY
UNITED STATES BANKRUPTCY JUDGE

cc: Jill Jacoway, attorney for debtors
     Stan D. Smith, attorney for creditor
     John T. Lee, chapter 7 trustee
     All creditors and interested parties

EOD 3/17/2008
by B Greene